UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN ROBERT DUNN, III,                :
                                      :
        Petitioner                    :
                                      :
    v.                                : CIVIL NO. 3:CV-06-1762
                                      :
JAMES WYDNER,                         : (Judge Kosik)
                                      :
        Respondent                    :

**MEMORANDUM and ORDER**

**Introduction**

Petitioner John Robert Dunn, III, an inmate at the State Correctional Institution at Dallas, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed a motion seeking leave to proceed in forma pauperis in this matter. (Doc. 5.) According to the petition and documents attached thereto, Petitioner was sentenced on November 7, 2005, to 3½ to 7 years imprisonment in the Court of Common Pleas for Mifflin County, Pennsylvania, for the offense of Aggravated Assault. For the reasons that follow, Petitioner will be granted in forma pauperis status, but the petition will be dismissed without prejudice.[1]

**Background**

According to the petition and attached docket sheet from the Mifflin County Court of

---

[1] In support of his motion to proceed in forma pauperis, Petitioner attaches an affidavit and certified statement from his prison inmate account which reveals that as of August 31, 2006, he had a balance of -$1.78. As such, his motion will be granted.

Common Pleas, it appears that Petitioner was arrested on May 6, 2004, and charged with the offenses of Aggravated Assault, Burglary and Terroristic Threats. From a review of the county docket sheet in the Mifflin County Court of Common Pleas, it appears that a guilty plea was withdrawn in January of 2005, but that a second guilty plea was later entered on November 7, 2005, to the Aggravated Assault charge. The remaining charges were nolle prossed. Petitioner was sentenced to 3½ to 7 years in prison. Petitioner claims that he never received a jury trial and contests any guilty plea. He maintains that he is in jail illegally. He claims he was never convicted, and therefore should be released. He states in the petition that no direct appeal was pursued following his conviction. The Mifflin County Court of Common Pleas docket sheet reveals that a Post Conviction Relief Act petition was filed in the sentencing court on August 18, 2006. It appears that the PCRA petition is presently being litigated in the Mifflin County Court at this time.² The instant federal habeas petition was filed in this court on September 8, 2006, challenging Petitioner's Mifflin County conviction on the basis of due process violations and the ineffective assistance of counsel.

**Discussion**

Generally, "a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first" exhausted his state-court remedies.³ Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004), citing 28 U.S.C. §§ 2254(b) and (c); Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion

---

² The court obtained a copy of the docket sheet in the underlying criminal matter by accessing the following website: http://ujsportal.pacourts.us. It reveals that the PCRA petition is still pending before the Mifflin County Court of Common Pleas.

³ Exhaustion is excused if "there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, "exhaustion is not required if there is inordinate delay in state procedures, id. at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." Id. at 163, citing Mayberry v. Petsock, 821 F.2d 179 (3d Cir. 1987).

requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991).

A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Petitioner has not exhausted his state court remedies. He currently has pending a PCRA petition in the Mifflin County Court of Common Pleas. It appears that on August 24, 2006, a motion to dismiss the petition was filed by the District Attorney's Office. The motion has not yet been addressed by the county court. This court must allow the PCRA proceedings to conclude before entertaining the pending habeas corpus petition. To avoid the risk that a second 2254 petition will be barred by the expiration of the one-year statute of limitations while Petitioner is exhausting state court remedies, the court must decide whether to stay the instant petition rather than dismiss it. See Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period is also tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Given the procedural history of the state post-conviction proceedings, the court can dismiss this petition rather than stay it because, even on the strictest calculation of the limitations period, Petitioner still has time to return to federal court after exhausting state court remedies. Petitioner states that he did not pursue a direct appeal. As such, his conviction became final thirty (30) days

following the date of conviction, the time period available for filing an appeal with the Pennsylvania Superior Court. Thus, the conviction became final thirty (30) days after November 7, 2005, or December 7, 2005. The limitations period therefore began to run on that date, and Petitioner had until December 7, 2006, to file his federal habeas petition. However, as noted, the limitations period is tolled during the time a "properly filed application for State post-conviction relief . . . is pending." 28 U.S.C. § 2244(d)(2). According to the Mifflin County Court of Common Pleas docket, Petitioner filed his PCRA on August 18, 2006, before the period of limitations would have expired for filing a 2254 petition. The PCRA petition tolls the running of the limitations period for a 2254 petition because it is properly filed under state law; it is Petitioner's first PCRA petition and it was filed within the jurisdictional one-year period for filing PCRA petitions. Under the PCRA, a defendant has at least one year after the expiration of the time for seeking review in the Pennsylvania Supreme Court to file a PCRA petition. See 42 Pa. C.S. § 9545(b)(1) and (3).[4] The petition will continue to toll the 2254 limitations period until proceedings in state court are no longer pending. 28 U.S.C. § 2244(d)(2). By the court's calculation, after the limitations period begins to run again Petitioner has over three months within which to file another 2254 petition.[5]

**ACCORDINGLY, this 3rd day of October, 2006, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's motion to proceed in forma pauperis (Doc. 5) is **granted**.

---

[4] Pennsylvania also has a liberal policy of allowing amendment of a PCRA petition to add new claims, as long as the petition was filed before the PCRA one-year deadline. See Commonwealth v. Williams, 573 Pa. 613, 627, 828 A.2d 981, 989 (2003).

[5] If Petitioner's state post-conviction proceedings are unsuccessful, the court cannot advise him when the limitations period will start again as such depends on the procedural steps taken by Petitioner in his state court proceedings.

2.  The petition under 28 U.S.C. § 2254 is **dismissed without prejudice** for failure to exhaust state court remedies.

3.  A certificate of appealability is denied.

4.  The Clerk of Court shall close this file.

                                                     s/Edwin M. Kosik
                                                     United States District Judge